FILED LAL

FEB 0 7 2006

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT



IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DI[VISION]

06CV719
JUDGE FILIP
MAG. ASHMAN

KEVIN COLE,

Plaintiff,

v. ) Case No.

DKBM, INC., and WON SUN KIM, individually,

Defendants.

## COMPLAINT

Plaintiff Kevin Cole, through his attorneys, for his Complaint against Defendants DKBM, Inc. and Won Sun Kim ("Defendants"), states as follows:

### NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. §201, *et. seq.* ("FLSA") and the Illinois Minimum Wage Law, 820 ILCS 105/1 *et. seq.* ("IMWL") for Defendants' failure to pay overtime wages to Plaintiff and for Defendants' unlawful termination of Plaintiff for expressing his rights under the FLSA. During the course of Plaintiff's employment, Defendants did not pay Plaintiff overtime wages for time worked in excess of forty (40) hours per week. After Plaintiff complained about Defendants' unlawful practice of not paying overtime wages, he was terminated from employment in violation of the FLSA, 29 U.S.C. §215. Defendants' unlawful compensation practices have had the effect of denying Plaintiff his earned wages.

### THE PARTIES

2. Plaintiff Kevin Cole is a former employee of Defendants who was employed by Defendants in this judicial district. Plaintiff began working for Defendants on or about August 29, 2005 and was terminated on or about November 3, 2005. Plaintiff resides in and is domiciled within

this judicial district.

3. Defendants DKBM, Inc., is an Illinois corporation doing business within this judicial district. Defendant Won Sun Kim resides in and is domiciled within this judicial district.

**JURISDICTION AND VENUE**

4. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C §1331, arising under 29 U.S.C. § 216(b). Venue is proper in this judicial district as the facts and events giving rise to Plaintiff's claims occurred in this judicial district. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

**COUNT I**
**Violation of the Fair Labor Standards Act - Overtime Wages**

5. This count arises from Defendants' violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, for Defendants' failure to pay overtime wages to Plaintiff for all time he worked for Defendants.

6. Plaintiff worked for Defendants and was an "employee" of Defendants as defined by Section 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1).

7. Defendant DKMB, Inc. is an "enterprise" as defined by Section 3(r)(1) of the FSLA, 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A), 29 U.S.C. § 203(s)(1)(A). Defendants are "employer(s)" subject to the Fair Labor Standards Act, 29 U.S.C. § 201 *et. seq.*

8. Defendant Won Sun Kim is an owner and principal shareholder of DKBM, Inc. and is involved in the day to day business operations of Defendant DKBM, Inc. Among other things, Defendant Won Sun Kim has the authority to hire and fire employees, the authority to direct and supervise the work of employees, the authority to sign on the corporation's checking accounts,

including payroll accounts, and he has the authority to participate in decisions regarding employee compensation and capital expenditures.

9. During the course of his employment by Defendants, Plaintiff was not exempt from the overtime wage provisions of the Fair Labor Standards Act, 29 U.S.C. § 207.

10. Plaintiff was directed by Defendants to work, and did so work, in excess of forty (40) hours per week.

11. Pursuant to 29 U.S.C. § 207, for all weeks during which Plaintiff worked in excess of forty (40) hours, he was entitled to be compensated at a rate of one and one-half times his normal hourly rate of pay.

12. Defendants did not compensate Plaintiff at a rate of one and one-half times his regular hourly rate of pay for hours worked in excess of forty (40) hours in individual workweeks. Instead, Defendants paid Plaintiff on a salary basis.

13. Defendants' failure and refusal to pay overtime wages for hours worked in excess of forty (40) hours per week was a violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

14. Defendants' failure and refusal to pay overtime wages for hours worked in excess of forty (40) hours per week was a willful violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

15. Defendants willfully violated the Fair Labor Standards Act by refusing to pay Plaintiff overtime wages for hours worked in excess of forty (40) hours per week.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A. A judgment in the amount of one and one-half times Plaintiff's regular rate for all time Plaintiff worked in excess of forty (40) hours per week;

B. Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

C. Reasonable attorneys' fees and costs incurred in filing this action; and

D. Such other and further relief as this Court deems appropriate and just.

**COUNT II**
**Violation of the Illinois Minimum Wage Law - Overtime Wages**

16. Plaintiff hereby realleges and incorporates paragraphs 1 through 15 of this Complaint.

17. This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. § 1367.

18. The matters set forth in this Count arise from Defendants' violation of the overtime compensation provisions of the Illinois Minimum Wage Law. 820 ILCS 105/4a. Plaintiff brings this action pursuant to 820 ILCS 105/12(a).

19. At all relevant times herein, Defendants were "employer(s)" as defined in the Illinois Minimum Wage Law, 820 ILCS 105/3(c), and Plaintiff was an "employee" within the meaning of that Act.

20. Pursuant to 820 ILCS 105/4(a), for all weeks during which Plaintiff worked in excess of forty (40) hours, Plaintiff was entitled to be compensated at one and one-half times his regular hourly rate of pay for time worked in excess of forty (40) hours per week.

21. Defendants did not pay Plaintiff one and one-half times his regular hourly rate of pay for time worked in excess of forty (40) hours per week.

22. Defendants violated the Illinois Minimum Wage Law by refusing to compensate Plaintiff at one and one-half times his regular hourly rate of pay for all time worked in excess of forty (40) hours per week.

23. Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover punitive damages in the amount of two percent (2%) per month of the amount of under payments.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A. A judgment in the amount of one and one-half times Plaintiff's regular rate for all time Plaintiff worked in excess of forty (40) hours per week;

B. Punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

C. Reasonable attorneys' fees and costs incurred in filing this action; and

D. Such other and further relief as this Court deems appropriate and just.

**COUNT III**
**Violation of the Fair Labor Standards Act – Retaliatory Discharge**

24. Plaintiff hereby realleges and incorporates paragraphs 1 through 23 of this Complaint.

25. On or about October 30, 2005, Plaintiff sent Defendants an email informing them that he worked in excess of forty (40) hours per individual workweek but was not paid overtime pay. Plaintiff objected to and opposed Defendants' failure and refusal to pay him overtime pay.

26. On or about November 3, 2005, Defendants told Plaintiff that his employment was terminated.

27. Defendants terminated Plaintiff because he complained about not being paid overtime wages.

28. Plaintiff's termination from employment in retaliation for his opposition to Defendants' failure to pay overtime wages violated the FLSA, 29 U.S.C. § 215.

29. Plaintiff has been damaged as a result of the termination of his employment and as a result of Defendants' violation of 29 U.S.C. § 215.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A. A judgment in an amount to be calculated for the loss of Plaintiff's back-pay and front pay;

B. A judgment for compensatory and punitive damages;

C. Reasonable attorneys' fees and costs incurred in filing this action; and

D. Such other and further relief as this Court deems appropriate and just.

Respectfully submitted,

Dated: February 7, 2006

DOUGLAS M. WERMAN (ARDC #6204740)
CHRISTOPHER J. WILLIAMS (ARDC #6284262)
Werman Law Office, P.C.
77 West Washington Street, Suite 1815
Chicago, Illinois 60602
(312) 419-1008

Attorneys for Plaintiffs