IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KEVIN COLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 06 C 0719 |
| | ) | |
| DKBM, INC., DAVID KIM, individually, and | ) | Judge Filip |
| GREENERS, INC., | ) | |
| | ) | Magistrate Judge Ashman |
| Defendants. | ) | |

**DECLARATION OF KEVIN COLE**

I, Kevin Cole, under penalty of perjury, depose and state based on personal knowledge that the following facts are true and correct:

1. I am over the age of 21 years, I have personal knowledge of the following facts set forth herein, and if called to testify regarding said facts, I can testify competently to the following.

2. I was hired by DKBM, Inc. and David Kim (collectively the "Company") in August 2005. The Company operates a commercial laundry facility in Chicago, Illinois. I was hired to work in the job position of "Assistant Chief Engineer."

3. As Assistant Chief Engineer, I performed the job duties and responsibilities of a mechanic. I did not supervise any employee and had no administrative responsibilities of any kind. Instead, I worked full time repairing broken commercial cleaning equipment.

4. When I was hired, I was promised an annual salary of $46,000. The salary was intended to compensate me only for the first fifty four (54) hours I worked each week. The Company paid me my wages in a bi-weekly payroll check.

1

5. I was employed by Defendants between August 21, 2005 and October 29, 2005. During the course of my employment by Defendants, I never worked less than fifty four (54) hours in an individual work week. Despite that I worked in excess of fifty four (54) hours each week, I was not paid overtime pay by Defendants. Instead, I was paid my regular salary rate for all time worked.

6. Because my $46,000 annual salary was intended to pay me only for the first fifty four (54) hours I worked each week my regular rate of pay was $16.38 per hour, or $46,000/52 = $884.61, $884.61/54=$16.38. Thus, my overtime rate of pay was $24.57. Based on the number of hours I worked each week, I believe I am owed the following overtime wages:

    a. Between August 21, 2005 and September 3, 2005, I worked 160 hours, or 52 hours of overtime. **Thus, I am owed $1,506.96 in overtime pay during this pay period (52 overtime hours x $24.57 per hour and 28 hours X $8.19 per hour).**

    b. Between September 4, 2005 and September 17, 2005, I worked 160 hours, or 52 hours of overtime. **Thus, I am owed $1,506.96 in overtime pay during this pay period (52 overtime hours x $24.57 per hour and 28 hours X $8.19 per hour).**

    c. Between September 18, 2005 and October 1, 2005, I worked 120.13 hours, or 12.13 hours of overtime. See Exhibit A, attached hereto. **Thus, I am owed $527.35 in overtime pay during this pay period (20.13 overtime hours x $24.57 per hour and 28 hours at $8.19 per hour).**

    d. Between October 2, 2005 and October 15, 2005, I worked 161.67 hours, or 53.67 hours of overtime. See Exhibit B, attached hereto. **Thus, I am**

**owed $1,547.99 in overtime pay during this pay period (53.67 overtime hours x $24.57 per hour and 28 hours X $8.19 per hour).**

e. Between October 16, 2005 and October 29, 2005, , I worked 160 hours, or 52 hours of overtime. **Thus, I am owed $1,506.96 in overtime pay during this pay period (52 overtime hours x $24.57 per hour and 28 hours at $8.19 per hour).**

7. The complaint alleges that the actions of the Defendants were willful. The total amount of overtime that I am owed should be liquidated (or doubled) under the provisions of the Fair Labor Standards Act.

8. I am owed $6,596.22 in overtime wages, plus an equal amount ($6,596.22) in liquidated damages. As a result, I am owed a total of $13,192.44 in unpaid overtime wages and liquidated damages.

9. In addition, I complained about the Company's failure to pay me overtime pay and was thereafter terminated. On Tuesday, November 7, 2005, I sent Defendant David Kim an email. Among other things, I objected in the e-mail to the excessive hours I was being required to work and Defendants' failure to pay me overtime pay for such work time.

10. Two days later, on Thursday, November 9, 2005, the Company terminated my employment.

11. The Company terminated my employment because I expressed my right to receive overtime pay under the FLSA.

12. Despite my efforts to find comparable employment, I have not been able to find work since the termination of employment by Defendants. I was terminated by Defendants on November 9, 2005. Thus, as of May 25, 2006, I will have been out of work for 29 weeks.

13. At my salary of $884.61 per week ($46,000/52) and with an average of $638.82 hours of overtime earned each week ($24.57 * 26 hours), I have lost weekly earnings in the amount of $1,523.43. For the 29 weeks I have been out of work since my termination of employment, I estimate that I am owed $44,179.47 in back pay.

14. The total amount of damages that I seek is $13,192.44 in unpaid overtime wages and liquidated damages and lost $44,179.47 in back pay, or an aggregate total of $57,371.91.

15. I am not suffering from any impediment that would affect my ability to be truthful, and I am competent to testify to all of the foregoing.

16. Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct.

Further declarant sayeth not.

Dated: May 17, 2006

_____
Kevin Cole

# EXHIBIT A

**DKBM, INC.**

Cole,Kevin  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  Check# 2097  10/7/05   Period: 9/18/05-10/1/05   2097

| | Qty | Rate | Curr | YTD | | Curr | YTD |
|---|---|---|---|---|---|---|---|
| Salary | | | 1730.77 | 4326.93 | Federal w/h | 255.58 | 594.24 |
| | | | | | Social Sec. | 107.31 | 268.27 |
| | | | | | Medicare | 25.10 | 62.75 |
| | | | | | State | 49.62 | 122.89 |
| Regular | 120.13 | 0.00 | 0.00 | 0.00 | | | |

Gross Pay  1730.77  4326.93   Net Pay  1293.16  3278.78

Hours Available/YTD Used:

# EXHIBIT B

**DKBM, INC.**

Cole,Kevin   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   Check# 2107   10/21/05   Period: 10/2/05-10/15/05   **2107**

| | Qty | Rate | Curr | YTD | | Curr | YTD |
|---|---|---|---|---|---|---|---|
| Salary | | | 1730.77 | 6057.70 | Federal w/h | 255.58 | 849.82 |
| | | | | | Social Sec. | 107.31 | 375.58 |
| | | | | | Medicare | 25.10 | 87.85 |
| | | | | | State | 49.62 | 172.51 |
| Regular | 80.00 | 0.00 | 0.00 | 0.00 | | | |
| Overtime | 81.67 | 0.00 | 0.00 | 0.00 | | | |

Gross Pay   1730.77   6057.70   Net Pay   1293.16   4571.94

Hours Available/YTD Used:

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that a true and correct copy of the foregoing **Declaration of Kevin Cole** was served via regular U.S. mail on August 20, 2007 on:

DKBM, Inc. c/o
David Kim
1727 W. Augusta Blvd., 2nd Floor
Chicago, IL 60622


Greeners, Inc. c/o
David Kim
1727 W. Augusta Blvd., 2nd Floor
Chicago, IL 60622

David Kim, Individually
1727 W. Augusta Blvd., 2nd Floor
Chicago, IL 60622


s/Douglas M. Werman
Douglas M. Werman